CV 04 4187

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BRUCE BERNSTEIN,

                         Plaintiff(s),

-against-

A.W. CHESTERTON COMPANY,
AMCHEM PRODUCTS, INC., n/k/a RHONE POULENC AG COMPANY,
n/k/a BAYER CROPSCIENCE INC,
AMERICAN OPTICAL CORPORATION,
AMERICAN STANDARD, INC.,
ANCHOR PACKING COMPANY,
BMCE INC., f/k/a UNITED CENTRIFUGAL PUMP,
BURNHAM, LLC as successor to BURNHAM CORPORATION,
CERTAIN TEED CORPORATION,
CLEAVER BROOKS COMPANY, INC.,
CRANE CO.,
DANA CORPORATION,
DB RILEY, INC.,
DURABLA MANUFACTURING COMPANY,
FOSTER WHEELER, L.L.C.,
FULTON BOILER WORKS, INC.,
GARLOCK SEALING TECHNOLOGIES LLC,
    f/k/a GARLOCK INC.,
GENERAL ELECTRIC COMPANY,
GOODYEAR CANADA, INC.,
GOODYEAR TIRE AND RUBBER COMPANY,
GOULDS PUMPS, INC.,
H.B. FULLER COMPANY,
INGERSOLL-RAND COMPANY,
J.H. FRANCE REFRACTORIES COMPANY,
KEELER-DORR-OLIVER BOILER COMPANY,
KENTILE FLOORS, INC.,
KOHLER CO.,
LOCKHEED MARTIN CORP.,
    as successor in interest to MARTIN
    MARIETTA CORP.,
    as successor in interest to AMERICAN MARIETTA
    CORP.,
MINNESOTA MINING & MANUFACTURING COMPANY,
MORSE DIESEL, INC.,
OAKFABCO, INC.,
OWENS-ILLINOIS, INC.,
PATTERSON KELLY DIVISION,
PATTERSON PUMP COMPANY,
PEERLESS INDUSTRIES, INC.,

**VERIFIED COMPLAINT**

Docket No.:

**JURY TRIAL DEMANDED**

WEINSTEIN, J.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

PROKO INDUSTRIES, INC., ,
RAPID-AMERICAN CORPORATION,
REYNOLDS METALS COMPANY,
    as successor in interest to
      ATLANTIC ASBESTOS CORP.,
SEQUOIA VENTURES, INC.,
    f/k/a BECHTEL CORPORATION,
THE OKONITE COMPANY, INC.,
U.S. RUBBER COMPANY (UNIROYAL),
UNION CARBIDE CORPORATION,
VIACOM INC.,
    as successor by merger to CBS CORPORATION
    f/k/a WESTINGHOUSE ELECTRIC CORPORATION,
WEIL-MCLAIN,
    a division of THE MARLEY COMPANY,

                                              Defendants
-------------------------------------------------------------------X

       Plaintiff(s) by their attorney(s) WEITZ & LUXENBERG, P.C., upon information and belief, at all times hereinafter mentioned allege as follows:

       1.     Plaintiff(s), BRUCE BERNSTEIN, is a resident and citizen of the State of Florida, and Defendants are of diverse citizenship in that Defendants are incorporated in and have their principal place of business in states other than those in which plaintiff(s) are citizens as stated in the NYAL Weitz & Luxenberg, P.C. Federal Standard Asbestos Complaint for Personal Injury No. 1.

       2.     The amount in controversy exceeds $75,000.00 for each Plaintiff;

       3.     Defendant AMCHEM PRODUCTS, INC., n/k/a RHONE POULENC AG COMPANY, n/k/a BAYER CROPSCIENCE INC, was and still is a duly organized domestic corporation doing business in the State of New York.

       4.     Defendant AMCHEM PRODUCTS, INC., n/k/a RHONE POULENC AG COMPANY, n/k/a BAYER CROPSCIENCE INC, was and still is a duly organized foreign

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

5. Defendant AMERICAN OPTICAL CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

6. Defendant AMERICAN OPTICAL CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

7. Defendant CERTAIN TEED CORPORATION, was and still is a duly organized domestic corporation doing business in the State of New York.

8. Defendant CERTAIN TEED CORPORATION, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

9. Defendant CRANE CO., was and still is a duly organized domestic corporation doing business in the State of New York.

10. Defendant CRANE CO., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

11. Defendant DB RILEY, INC., was and still is a duly organized domestic corporation doing business in the State of New York.

12. Defendant DB RILEY, INC., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

13. Defendant LOCKHEED MARTIN CORP., as successor in interest to MARTIN MARIETTA CORP., as successor in interest to AMERICAN MARIETTA CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

14. Defendant LOCKHEED MARTIN CORP., as successor in interest to MARTIN MARIETTA CORP., as successor in interest to AMERICAN MARIETTA CORP., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

15. Defendant PATTERSON PUMP COMPANY, was and still is a duly organized domestic corporation doing business in the State of New York.

16. Defendant PATTERSON PUMP COMPANY, was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

17. Defendant REYNOLDS METALS COMPANY, as successor in interest to ATLANTIC ASBESTOS CORP., was and still is a duly organized domestic corporation doing business in the State of New York.

18. Defendant REYNOLDS METALS COMPANY, as successor in interest to ATLANTIC ASBESTOS CORP., was and still is a duly organized foreign corporation doing business and/or transacting business in the State of New York and/or should have expected its acts to have consequences within the State of New York.

## AS AND FOR A SEVENTH CAUSE OF ACTION

19. Plaintiff(s) repeats and reiterates the prior allegations of the NYAL Weitz & Luxenberg, P.C. Federal Standard Asbestos Complaint for Personal Injury No. 1 as if alleged more fully below:

20. Defendant(s) MINNESOTA MINING & MANUFACTURING COMPANY and AMERICAN OPTICAL CORPORATION were engaged in the business of manufacturing and selling respiratory devices commonly known as "dust masks".

21. Defendant(s) MINNESOTA MINING & MANUFACTURING COMPANY and AMERICAN OPTICAL CORPORATION knew or in the exercise of reasonable diligence should have ascertained that its "dust masks" would be used without inspection for defects, and by placing same on the market, represented that these masks would safely preclude the inhalation of asbestos fibers.

22. The dust masks manufactured, distributed and sold by the Defendant(s) MINNESOTA MINING & MANUFACTURING COMPANY and AMERICAN OPTICAL CORPORATION were dangerous and defective, in that the same failed to protect against the inhalation of asbestos dust, as had been represented.

23. The dust masks as designed, manufactured, distributed and marketed by the Defendant(s) MINNESOTA MINING & MANUFACTURING COMPANY and AMERICAN OPTICAL CORPORATION were placed into the stream of commerce in a defective, unsafe and inherently dangerous condition, at the time they left the hands of the Defendants, and were expected to, and did, reach the intended users including this Plaintiff(s) without substantial change in the condition in which these masks were originally manufactured and sold.

24. The dust masks manufactured, sold and distributed by the Defendant(s) MINNESOTA MINING & MANUFACTURING COMPANY and AMERICAN OPTICAL

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

CORPORATION did not contain adequate warnings, instructions for use or safety precautions to persons who reasonably and foreseeably came into contact with and otherwise used said masks.

25. The Plaintiff(s) was unaware of the defects in the Defendants' dust masks which defects rendered these masks ineffective as protection against the inhalation of asbestos dust when utilized in the manner intended.

26. As a direct and proximate result of the sale by the Defendant(s) MINNESOTA MINING & MANUFACTURING COMPANY and AMERICAN OPTICAL CORPORATION to the Plaintiff's employers and others of said defective and unreasonably dangerous dust masks, the Plaintiff(s) sustained serious and permanent asbestos related injuries and suffered a loss of enjoyment of his life.

27. By reason of the foregoing, Plaintiff(s) has been damaged as against the Defendant(s) MINNESOTA MINING & MANUFACTURING COMPANY and AMERICAN OPTICAL CORPORATION in the sum of Ten Million Dollars ($10,000,000.00) in compensatory damages and Ten Million Dollars ($10,000,000.00) in punitive damages.

28. Plaintiff(s), BRUCE BERNSTEIN, repeats and realleges NYAL Weitz & Luxenberg, P.C. Federal Standard Asbestos Complaint for Personal Injury No. 1 as if fully incorporated herein, except as to the extent it may be inconsistent with the allegations herein.

29. Plaintiff(s) demand a trial by jury.

Dated, September 23, 2004
New York, New York

Respectfully submitted,

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiff(s)

By: Lisa Busch
180 Maiden Lane
New York, New York 10038
(212) 558-5500